# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHRISTOPHER ROSS,<br><br>Plaintiff,<br><br>v.<br><br>PASCAL DESROCHES, *AT&T CFO*,<br><br>Defendant. | Case No. 24-CV-201-JPS<br><br><br>**ORDER** |
| CHRISTOPHER ROSS,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS COLEMAN, *GOLDEN SACHS CFO*, and AT&T,<br><br>Defendants. | Case No. 24-CV-202-JPS<br><br><br>**ORDER** |
| CHRISTOPHER ROSS,<br><br>Plaintiff,<br><br>v.<br><br>VICKI VILLACREZ, *TDS CFO*,<br><br>Defendant. | Case No. 24-CV-203-JPS<br><br><br>**ORDER** |

| | |
|---|---|
| CHRISTOPHER ROSS,<br><br>        Plaintiff,<br>v.<br>LUCA MAESTRI, *CFO, APPLE CARD*,<br><br>        Defendant. | Case No. 24-CV-204-JPS<br><br>**ORDER** |
| CHRISTOPHER ROSS,<br><br>        Plaintiff,<br>v.<br>RANDALL STEPHENSON, *AT&T CEO*,<br><br>        Defendant. | Case No. 24-CV-205-JPS<br><br>**ORDER** |

**1.    INTRODUCTION**

On February 14, 2024, Plaintiff Christopher Ross ("Plaintiff") filed all five of the above-captioned lawsuits, which the Court will refer to as follows for simplicity throughout this Order:

- 24-CV-201 against Pascal Desroches, an executive of the telecommunications company AT&T, hereinafter the "Desroches/AT&T Case";
- 24-CV-202 against AT&T and Dennis Coleman, an executive of the financial firm Goldman Sachs (the Court presumes Plaintiff refers to the financial firm Goldman Sachs, but will adopt Plaintiff's terminology), hereinafter the "Coleman/Golden Sachs Case";

- 24-CV-203 against Vicki Villacrez, an executive of the telecommunications company TDS, hereinafter the "Villacrez/TDS Case";

- 24-CV-204 against Luca Maestri, an executive of the technology company Apple, hereinafter the "Maestri/Apple Case"; and

- 24-CV-205 against Randall Stephenson, an executive of the telecommunications company AT&T, hereinafter the "Stephenson/AT&T Case."

Plaintiff proceeds pro se.[1] In each lawsuit, he also filed a motion for leave to proceed without prepayment of the filing fee. Desroches/AT&T Case, ECF No. 2; Coleman/Golden Sachs Case, ECF No. 2; Villacrez/TDS Case, ECF No. 2; Maestri/Apple Case, ECF No. 2; Stephenson/AT&T Case, ECF No. 2.

This Order screens Plaintiff's complaints in each case and, finding that each complaint presents significant pleading deficiencies, grants Plaintiff leave to file amended complaints—or a single consolidated amended complaint—that correct those deficiencies. Accordingly, the Court defers ruling on Plaintiff's motions for leave to proceed without prepayment of the filing fee. If Plaintiff does not file amended complaints,

---

[1] In each case, Plaintiff has filed documents styled as his "power of attorney." Desroches/AT&T Case, ECF No. 1-2; Coleman/Golden Sachs Case, ECF Nos. 1-2 and 4; Villacrez/TDS Case, ECF Nos. 1-1 and 4; Maestri/Apple Case, ECF Nos. 1-2 and 4; Stephenson/AT&T Case, ECF Nos. 1-1 and 4. It is unclear why he has done so. He is permitted to appear pro se—that is, on his own behalf and without himself being authorized to practice law—in federal court and need not give himself, or anyone else, "power of attorney" in order to do so. He is not, however, permitted to appoint himself as an attorney authorized to practice law in this judicial District or in any state (if that is what he is attempting to do). If these documents are exhibits to his complaints, Plaintiff has not explained and the Court does not appreciate or understand their significance.

or a single consolidated amended complaint, by the below-stated deadline, or files amended complaint(s) which remain(s) deficient, the Court will dismiss this case without prejudice and deny as moot Plaintiff's motions for leave to proceed without prepayment of the filing fee.

2. **MOTION TO PROCEED IN FORMA PAUPERIS**

A party proceeding pro se may submit to the court a request to proceed without prepaying the otherwise required filing fees, otherwise known as a motion to proceed in forma pauperis.[2] "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Nietzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any

---

[2]Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

It follows that a litigant whose complaint does not meet the threshold set forth in 28 U.S.C. § 1915(e)(2) or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

For the reasons stated in the next section, it is not yet clear whether Plaintiff's complaints meet the 28 U.S.C. § 1915(e)(2) threshold and/or assert facts that sufficiently invoke the Court's subject matter jurisdiction. Accordingly, the Court will not yet consider whether Plaintiff's financial circumstances entitle him to proceed in forma pauperis until it has had a reasonable opportunity to assess whether Plaintiff can amend his complaints such that they meet the § 1915(e)(2) threshold or the requirements of federal subject matter jurisdiction.

3. SCREENING THE COMPLAINTS

    3.1   Legal Standard

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on

defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke,* 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo*

Page 6 of 12

Case 2:24-cv-00201-JPS   Filed 03/08/24   Page 6 of 12   Document 4

*v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 3.2 Plaintiff's Factual Allegations

Plaintiff has submitted the following "state[ment] of claim" in each case:

> Failure to fulfill its fiduciary duty towards the principal account[3] resulted in harm. This harm could be attributed to their lack of performance in safe guarding [sic] and managing the principal assets with the level of care, loyalty, and skill expected[.]
>
> From a fiduciary as a result, the value or potential growth of the principal account may have been negatively impacted. This failure to meet their fiduciary obligations has caused the principal to experience financial setbacks.
>
> And potentially missed opportunities for growth or protection of the principal assets.

---

[3]Plaintiff appears to refer to himself when he uses the word "principal" or similar phrases. *See* Desroches/AT&T Case, ECF No. 1 at 1 (listing "Christopher Ross/principal" as Plaintiff); Coleman/Golden Sachs Case, ECF No. 1 at 1 (same); Villacrez/TDS Case, ECF No. 1 at 1 (same); Maestri/Apple Case, ECF No. 1 at 1 (same); Stephenson/AT&T Case, ECF No. 1 at 1 (same).

Desroches/AT&T Case, ECF No. 1 at 3; Coleman/Golden Sachs Case, ECF No. 1 at 3; Villacrez/TDS Case, ECF No. 1 at 3; Maestri/Apple Case, ECF No. 1 at 3; Stephenson/AT&T Case, ECF No. 1 at 3.

In addition to the above statements, Plaintiff's complaint in each case attaches various exhibits, though Plaintiff does not explain their significance. In three cases, he attaches copies of bills showing that he owed money to (and in some cases, supposedly paid money to) the company involved in the case. Desroches/AT&T Case, ECF No. 1-3 at 2–4; Villacrez/TDS Case, ECF No. 1-1 at 3–5, 10–12; Maestri/Apple Case, ECF No. 1-1 at 2. In four cases, he also includes copies of various notices he sent to the companies involved in each case, purporting to bind them to certain agreements with respect to his payments, giving them an opportunity to cure alleged breaches of those agreements, purporting to seek default judgment against them, and finally notifying the company of its alleged breach of contract. Desroches/AT&T Case, ECF No. 1-3 at 5–7, 1; Villacrez/TDS Case, ECF No. 1-1 at 4, 6–7, 1; Maestri/Apple Case, ECF No. 1-1 at 3–5, 1; Stephenson/AT&T Case, ECF No. 1-1 at 1–4. In the fifth case, Plaintiff was apparently denied an increase to his credit limit. Coleman/Golden Sachs Case, ECF No. 1-1 at 2. As a result, he sent similar notices to the company. *Id.* at 1, 4–5. He also sent them a notice stating that he believed that he had been unlawfully denied credit and was "discriminated against" in this transaction. *Id.* at 3.

Plaintiff purports to sue for a violation of the United States Constitution or federal law. Desroches/AT&T Case, ECF No. 1 at 5; Coleman/Golden Sachs Case, ECF No. 1 at 4; Villacrez/TDS Case, ECF No. 1 at 5; Maestri/Apple Case, ECF No. 1 at 4; Stephenson/AT&T Case, ECF No. 1 at 4. In his civil cover sheet in each case, he states that he is filing

under the "SEC, Cestul [sic] Que Vie Act, Bill of Exchange Act, US Constitution, Consumer Law[,] [and] Federal Reserve Act," and describes the cause of action in his cases as "breach of contract, violation of rights, my word is my bond, of fiduciary duty[,] [and] non[-]performance." Desroches/AT&T Case, ECF No. 1-4; Coleman/Golden Sachs Case, ECF No. 1-3; Villacrez/TDS Case, ECF No. 1-3; Maestri/Apple Case, ECF No. 1-3; Stephenson/AT&T Case, ECF No. 1-3.

Plaintiff seeks identical relief in each case: that his property (it is unclear what property) be returned to him, "court cost[s]," "principal and agent fees," "to transfer the credits back to" AT&T, Golden Sachs, TDS, and Apple Card, $20.5 million in economic damages, and $250,000 in non-economic damages. Desroches/AT&T Case, ECF No. 1 at 4; Coleman/Golden Sachs Case, ECF No. 1 at 5; Villacrez/TDS Case, ECF No. 1 at 4; Maestri/Apple Case, ECF No. 1 at 5; Stephenson/AT&T Case, ECF No. 1 at 5.

### 3.3 Analysis

Plaintiff's allegations do not provide a sufficient narrative for the Court to even begin determining on what, if any, legal claims he may proceed, nor do they provide "fair notice of what the . . . claim is and the grounds upon which it rests," to any of the named Defendants. *Twombly*, 550 U.S. at 555. Plaintiff appears to be upset at how he was treated and/or financially impacted in his dealings with the companies discussed in each lawsuit (as represented by each Defendant, who are executives of those companies). He also appears to believe that he unilaterally entered into contracts with each Defendant and the company he or she represents, which are contracts now enforceable at law. But beyond this general

understanding, the Court cannot discern even a fundamental theory of Plaintiff's cases.

Plaintiff will have an opportunity to amend his complaint in each case, or to submit a single amended complaint that consolidates his allegations as to *all* Defendants into one lawsuit.[4] If Plaintiff chooses to file amended complaint(s), each amended complaint should explain, in plain terms, the "who, what, when, where, how" of why he is suing: what happened to him, who did it, when and where did it occur, and how or why does he believe these events violated his rights under the U.S. Constitution or federal law? Plaintiff should attempt to provide a clear story of what happened; simply saying "my rights were violated" is not enough. If Plaintiff's amended complaint(s) do(es) not adequately allege these facts, the case in which it is filed will be dismissed without prejudice.

There is an additional potential problem with the complaint in the Villacrez/TDS Case. Although as noted above, Plaintiff attempts to proceed on federal question jurisdiction in each case, his filings largely make reference to breach of contract principles, which stem from *state* law. If Plaintiff is attempting to bring a state-law contract case against Villacrez, he may not do so, because both he and Villacrez appear to both be citizens of the state of Wisconsin. Villacrez/TDS Case, ECF No. 1 at 1–2 (providing Wisconsin addresses for both Plaintiff and Defendants). This Court does not have jurisdiction over cases that allege violations of state law between

---

[4]Unrelated allegations against different defendants belong in separate lawsuits, but if Plaintiff intends to raise the same allegations against all Defendants, or to allege that all Defendants worked together in some way to violate his rights, he should only bring one case. If Plaintiff consolidates his cases into a single case, he should notify the Court that he is voluntarily dismissing all his other cases.

Page 10 of 12

Case 2:24-cv-00201-JPS    Filed 03/08/24    Page 10 of 12    Document 4

residents of the same state. *See* 28 U.S.C. § 1332(a). Therefore, Plaintiff must proceed against Villacrez on federal question jurisdiction. In other words, he must allege that Villacrez violated his rights under the federal Constitution or a federal law. *See* 28 U.S.C. § 1331. If Plaintiff's amended complaint in the Villacrez/TDS case again attempts to proceed under diversity jurisdiction, it will be dismissed without prejudice. Fed. R. Civ. P. 12(h)(3).

4. **CONCLUSION**

For the reasons stated above, the Court will give Plaintiff leave to file an amended complaint in each case, or a single consolidated amended complaint, either of which must address the deficiencies explained above. Any amended complaint must be filed on or before **March 29, 2024**. Failure to file amended complaint(s) within this period may result in dismissal of the applicable action(s) without prejudice. The Court is enclosing a copy of its amended complaint form.

Plaintiff's amended complaint(s) do(es) not need to be long or contain legal language or citations to statutes or cases, but the amended complaint(s) must provide the Court and Defendants with notice of what each Defendant allegedly did or did not do to violate his rights.

Plaintiff is advised that the amended complaint(s) must bear the docket number assigned to this case and must be labeled "Amended Complaint." An amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *Duda v. Bd. Of Educ. Of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)). In such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v.*

Page 11 of 12

Case 2:24-cv-00201-JPS   Filed 03/08/24   Page 11 of 12   Document 4

*Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). In other words, any amended complaint(s) must include **all** of the allegations and claims (including those from the original complaint(s)) that Plaintiff wishes to make, in a single filing without reference to other documents.

In each case in which an amended complaint is received, it will become the operative complaint in that action, and the Court will screen it in accordance with 28 U.S.C. § 1915.

Accordingly,

**IT IS ORDERED** that on or before **March 29, 2024**, Plaintiff shall submit an amended complaint in each case, or a single consolidated amended complaint, using the provided form and in accordance with the instructions provided herein; failure to do so will result in dismissal of the applicable action(s) without prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank non-prisoner amended complaint form along with this Order.

Dated at Milwaukee, Wisconsin, this 8th day of March, 2024.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Page 12 of 12

Case 2:24-cv-00201-JPS   Filed 03/08/24   Page 12 of 12   Document 4