# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHRISTOPHER ROSS,<br><br>    Plaintiff,<br><br>v.<br><br>PASCAL DESCROCHES, *AT&T CFO*,<br>BANK OF NEW YORK MELLON TRUST<br>COMPANY AND AFFILIATES a/k/a<br>BNY MELLON TRUST COMPANY,<br>VICKI VILLACREZ, *TDS CFO*, LUCA<br>MAESTRI, *APPLE CARD CFO*,<br>RANDALL STEPHENSON, and DENNIS<br>COLEMAN, *GOLDEN SACHS CFO*,<br><br>    Defendants. | Case No. 24-CV-201-JPS<br><br><br>**ORDER** |

On February 14, 2024, Plaintiff Christopher Ross ("Plaintiff") filed five lawsuits, naming nearly all of the above-named parties as Defendants. *See* ECF No. 4 at 2–3 (summarizing lawsuits and parties). The Court screened all five complaints and, "finding that each complaint present[ed] significant pleading deficiencies, grant[ed] Plaintiff leave to file amended complaints—or a single consolidated amended complaint—that correct[ed] those deficiencies." *Id.* at 3. It pointed out that Plaintiff could consolidate all his lawsuits into one if he "intend[ed] to raise the same allegations against all Defendants, or to allege that Defendants worked together in some way to violate his rights." *Id.* at 10 & n.4. The Court warned Plaintiff that filing an amended complaint that did not cure the noted deficiencies would result in dismissal of Plaintiff's case(s) without prejudice. *Id.* at 3–4. The Court

deferred ruling on Plaintiff's motions for leave to file each lawsuit without prepayment of the filing fee until Plaintiff filed an amended complaint(s). *Id.* at 2–3.

On March 28, 2024, Plaintiff filed what appears to be a consolidated amended complaint. ECF No. 5. He raises allegations against and/or names as Defendants: the Bank of New York Mellon Trust Company and Affiliates ("Mellon"); the telecommunications company TDS and its executive Vicki Villacrez ("TDS/Villacrez"); the technology company Apple and its executive Luca Maestri ("Apple/Maestri"); the telecommunications company AT&T and its executives Pascal Desroches and Randall Stephenson ("AT&T/Desroches/Stephenson"); and the financial firm Goldman Sachs[1] and its executive Dennis Coleman ("Goldman Sachs/Coleman") (together, "Defendants"). *Id.* at 1–2, 4, 6, 8, 10, 12.

In an attachment to his amended complaint, Plaintiff indicated that he "would like to dismiss all cases list[ed] [in] this notice." ECF No. 5-2. The notice lists this case (24-CV-201) as well as the other four cases he previously filed on the same day (24-CV-202, 24-CV-203, 24-CV-204, and 24-CV-205). His amended complaint contains allegations against each of the Defendants originally named in those cases and also adds allegations against Mellon. The Court therefore understands Plaintiff to have filed a consolidated amended complaint in this case (24-CV-201); accordingly, the Court construes Plaintiff's statement as voluntarily dismissing his other four cases, which have been terminated accordingly. The Court screens Plaintiff's consolidated amended complaint in this Order. Finding that the

---

[1] Plaintiff mistakenly refers to the financial firm as "Golden Sachs."

consolidated amended complaint is frivolous, the Court will dismiss this case and deny as moot the motion for leave to proceed without prepayment of the filing fee.

When a pro se litigant seeks to proceed without prepayment of the filing fee, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).

A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se

Page 3 of 9

Case 2:24-cv-00201-JPS    Filed 04/10/24    Page 3 of 9    Document 6

complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f)). Nonetheless, "not even excessively liberal construction rescues frivolous *pro se* complaints." *Greyer v. Mooseheart Child City and Sch. et al.*, Case No. 22-CV-254-BHL, ECF No. 4 at 2 (E.D. Wis. Apr. 7, 2022) (citing *Denton*, 504 U.S. at 33). Notwithstanding the district court's obligation to "accept as true all of the well-pleaded facts in the complaint," *Kubiak*, 810 F.3d at 480–81 (citation omitted), it is not required "to accept fantastic or delusional factual allegations." *Holland v. City of Gary*, 503 F. App'x 476, 477 (7th Cir. 2013) (citing *Neitzke*, 490 U.S. at 327–28; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009); and *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002)).

Plaintiff purports to sue for a violation of his rights under federal law. ECF No. 5 at 14. He names "administrative process" and Sections 1, 2, and 29 of the Federal Reserve Act as providing the legal basis for his suit. *Id.* at 4, 6, 8, 10.[2] However, his allegations primarily sound in contract and

---

[2] Section 1 of the Federal Reserve Act defines the terms used therein. 12 U.S.C. § 221; *see also Federal Reserve Act, Section 1*, BD. OF GOVERNORS OF THE FED. RESERVE SYS., https://www.federalreserve.gov/aboutthefed/section1.htm [perma.cc/9RVY-Q5JY] (last visited Apr. 10, 2024). Section 2 of that Act defines the districts of the Federal Reserve and some of the Reserve's powers. 12 U.S.C. § 222 *et seq.*; *see also Federal Reserve Act, Section 2*, BD. OF GOVERNORS OF THE FED. RESERVE SYS., https://www.federalreserve.gov/aboutthefed/section2.htm [https://perma.cc/FE36-CZ8M] (last visited Apr. 10, 2024). Section 29 of that Act provides for imposition of civil money penalties on banks that violate certain provisions of the Act. 12 U.S.C. § 504; *see also Federal Reserve Act, Section 29*, BD. OF GOVERNORS OF THE FED. RESERVE SYS., https://www.federalreserve.gov/aboutthefed/section29.htm [https://perma.cc/QK3K-2NX6] (last visited Apr. 10, 2024).

negligence. *See id.* at 4, 6, 8, 10 (stating "defendant failed to perform their obligations as outlined in the agreement, thereby violating the terms of the contract . . . [and] owed a duty of care to the plaintiff, but their actions fell below the standard of care expected"). The basis for the Court's subject matter jurisdiction is not clear, but in any event, Plaintiff's allegations once again do not make enough narrative sense for the Court to determine what happened to him or on what, if any, legal claims he could proceed.

As in his original complaint, Plaintiff "appears to believe that he unilaterally entered into contracts with each Defendant . . . which are contracts now enforceable at law." ECF No. 4 at 9. As to Defendants Mellon, TDS/Villacrez, Apple/Maestri, and AT&T/Desroches/Stephenson, Plaintiff alleges that they "failed to comply with the instructions" related to billing that Plaintiff gave them. ECF No. 1 at 4, 6, 8, 10. He also states that Goldman Sachs/Coleman discriminated against him and violated his rights under the Fair Credit Reporting Act ("FCRA") by denying him credit. *Id.* at 12 (stating that he was "discriminated against as there are no federal laws stating that a credit report can deny [him] of [his] rights to extend credit" and citing 15 U.S.C. § 1691, which prohibits discrimination in credit applications). He appears to believe that he has an "open end[ed] credit plan" than entitles him to "contract" with one or more Defendants for credit on an "unlimited" basis. *Id.* at 12.

---

Plaintiff also purports to proceed under the "Bill of Exchange Act 1882 chapter 61," ECF No. 1 at 4, 6, 8, 10, which appears to be an act of Parliament of the United Kingdom, not a law of the United States. *Bills of Exchange Act 1882*, Wikipedia, https://en.wikipedia.org/wiki/Bills_of_Exchange_Act_1882 [https://perma.cc/VG89-WMYM] (last visited Apr. 10, 2024).

There are multiple problems with the consolidated amended complaint. First, Plaintiff invokes statutes that either do not include a private right of action (the Federal Reserve Act), do not apply in this country (Bill of Exchange Act), or are too vague for the Court or any Defendant to know what he is talking about ("administrative process"). *See Slaughter v. US Cellular*, No. 23-CV-1642-PP, 2023 WL 9051307, at *3–4 (E.D. Wis. Dec. 29, 2023) ("The plaintiff says that the defendant has violated 'The Bill of Exchange Act' . . . These statutes do not apply to commercial transactions in the United States. . . . Section 29 of the Federal Reserve Act . . . imposes penalties on *banks* for various forms of misconduct. . . . [O]nly federal officials may enforce these statutes; private individuals do not have a private right of action to enforce Section[] 29 of the Federal Reserve Act. (citing *White v. Lake Union Ga Partners LLC*, No. 1:23-CV-02852-VMC, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023)). And while an individual can sue for damages under the FCRA, as explained below, Plaintiff's allegations related to this claim are nonsensical.

Second, if Plaintiff attempts to proceed under diversity jurisdiction, he has not pleaded an amount in controversy meeting the requirements of 28 U.S.C. § 1332. ECF No. 5 at 5, 7, 9, 11, 13 (stating only that, as relief, the Plaintiff wants "compensatory damages in an amount to be determined at trial" and "[r]equests an extension of credit in the amount of $20,000").[3]

---

[3]He has also pleaded only the citizenship of Bank of New York Mellon Trust Company and Affiliates. ECF No. 5 at 1–2. Although Plaintiff has not repleaded the citizenship of any other party, it would appear his claim against Defendant Vicki Villacrez cannot proceed, as both he and Villacrez are citizens of Wisconsin. ECF No. 4 at 10–11.

Page 6 of 9

Case 2:24-cv-00201-JPS   Filed 04/10/24   Page 6 of 9   Document 6

Third, and most importantly, despite being instructed to "explain, in plain terms, the 'who, what, when, where, how' of why he is suing" and to "provide a clear story of what happened," ECF No. 4 at 10, Plaintiff has failed to do so. He obviously believes that Defendants violated his rights, but the Court does not understand how this can be. He does not allege any facts in the amended complaint that demonstrate that any Defendant made him any promise to abide by any particular billing practice.[4] His allegation that his rights under the FCRA were violated because "there are no federal laws stating that a credit report can deny [him] of [his] rights to extend credit," ECF No. 5 at 12, does not make narrative sense; if he means to say that he was unfairly denied credit because of information on his credit report, then he has not made any specific factual allegations to support this claim—for example, what information was on his credit report that he believes was unfairly or wrongly considered.

As before, his allegations do not provide Defendants with "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555, let alone provide any information from which the Court could discern even the basic theory of Plaintiff's case. In short, his allegations are "some combination of fantastic, impossible, and/or incomprehensible." *Mooseheart*, Case No. 22-CV-254-BHL, ECF No. 4 at 2.

Plaintiff's consolidated amended complaint is premised entirely on these kinds of incoherent allegations and the Court has no reason to think

---

[4] To the extent that such a promise was demonstrated in attachments to Plaintiff's original complaints, those attachments cannot be considered at this time because Plaintiff has not attached them to his amended complaint. *See* ECF No. 4 at 12 (warning Plaintiff that "any amended complaint(s) must include **all** of the allegations and claims (including those from the original complaint(s)) that Plaintiff wishes to make").

that he could cure this problem through amending his complaint again. Accordingly, the Court need not give him leave to amend before dismissing his case. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) (citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (noting that the district court need not grant leave to amend where "any amendment would be futile").

For these reasons, the Court will deny as moot Plaintiff's motion for leave to proceed without prepayment of the filing fee and will dismiss this case. Although the Court initially stated that the dismissal would operate without prejudice, in light of the determination that this case is frivolous, the dismissal must operate with prejudice. *El v. AmeriCredit Fin. Servs.*, 710 F.3d 748, 751 (7th Cir. 2013) ("When a case of which the court has jurisdiction is dismissed because it . . . [is] frivolous . . . , the dismissal is a merits determination and is therefore with prejudice."); *Holland*, 503 F. App'x at 478 (affirming dismissal with prejudice of frivolous pro se complaint). Additionally, the Court warns Plaintiff that if he continues to file plainly frivolous actions in this District, he may be subject to sanctions including the imposition of a filing bar.

Accordingly,

**IT IS ORDERED** that Plaintiff Christopher Ross's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, be and the same hereby are **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** as frivolous.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of April, 2024.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id*. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.